

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2024 APR -1  ⊃ 4: 22
                          CC
CAROL L. MICHEL
        CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FELONY**

### BILL OF INFORMATION FOR VIOLATING
### THE ACT TO PREVENT POLLUTION FROM SHIPS,
### <u>OBSTRUCTION OF JUSTICE, AND CONSPIRACY</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.: 2 4 - 7 4** |
| **v.** | * | **SECTION: SECT. G MAG. 4** |
| **PRIVE OVERSEAS MARINE, LLC** | * | **VIOLATIONS: 33 U.S.C. § 1908(a)** |
|   **and** | | **18 U.S.C. § 1505** |
| **PRIVE SHIPPING DENIZCILIK** | * | **18 U.S.C. § 1519** |
|   **TICARET, A.S.** | | **18 U.S.C. § 371** |
| | * | **18 U.S.C. § 2** |
| | * | |
| * | * | * |

The United States Attorney charges that:

### <u>COUNT 1</u>
**(Conspiracy)**

**A.**    <u>**AT ALL TIMES MATERIAL HEREIN**</u>:

#### The Defendants

1.    Defendants **PRIVE OVERSEAS MARINE, LLC ("PRIVE OVERSEAS MARINE")** and **PRIVE SHIPPING DENIZCILIK TICARET, A.S. ("PRIVE SHIPPING")**

___Fee_____
___Process_____
_X_ Dktd_____
___CtRmDep_____
___Doc.No._____

were involved in the management and operation of the Motor Tanker ("M/T") *P.S. Dream* ("*PS Dream*"), a Panama flagged chemical tanker that engaged in trade in the United States. **PRIVE SHIPPING** was a Turkey-domiciled company based in Istanbul and was the registered operator of the *PS Dream*. **PRIVE OVERSEAS MARINE** was a related entity based in Dubai, United Arab Emirates. Defendants have a common parent corporation, common owners and are related to other entities that have an ownership interest in the vessels that **PRIVE OVERSEAS MARINE** and **PRIVE SHIPPING** managed. At the time of the offenses charged herein, the technical management and operation of the *PS Dream* was in the process of being transferred from **PRIVE SHIPPING** to **PRIVE OVERSEAS MARINE**. **PRIVE OVERSEAS MARINE** is a successor entity to **PRIVE SHIPPING** and now operates the vessels, employs the crew, and conducts the business previously carried out by **PRIVE SHIPPING**.

## Legal Framework

2.      The United States is part of an international regime that regulates the discharge of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (together "MARPOL"). MARPOL is implemented in the United States by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901, *et seq*. APPS made it a crime for any person to knowingly violate MARPOL, APPS, or the regulations promulgated under APPS. 33 U.S.C. § 1908(a).

3.      MARPOL Annex I ("Regulations for the Prevention of Pollution by Oil") established international standards governing the treatment and disposal of oil-contaminated waste. The United States has promulgated federal regulations pursuant to APPS and MARPOL Annex I. The regulations implementing APPS and MARPOL apply to foreign commercial

2

registered vessels operating in the navigable waters of the United States or while in a port or

terminal under the jurisdiction of the United States. 33 U.S.C. § 1902(a)(1)(3).

4.      On vessels like the *PS Dream,* oil-contaminated waste, including oily mixtures,

sludge, waste oil, and machinery space bilge water, is generated on a regular basis. The disposal

of such waste is highly regulated, and such waste may not be discharged overboard except as

permitted by MARPOL Annex I. Waste from cargo tanks and slop tanks in the deck department

must be discharged through oil discharge monitoring equipment ("ODME"), a device designed to

measure and limit the amount of oil discharged overboard. Engine room waste, including oil-

contaminated bilge water that collects in the bottom of the vessel, may only be discharged

overboard with the use of an oily water separator ("OWS") and oil content meter ("OCM") that

similarly measure and limit the discharge of oil. Sludge, which is produced through the regular

and routine purification of fuel and lubrication oils that are used by the main propulsion engine

and electricity generator engines, can only be disposed by either: (1) burning the sludge in an

incinerator; or (2) discharging the sludge ashore to a waste reception facility.

5.      Additionally, and consistent with MARPOL, United States law requires that vessels

such as the *PS Dream* maintain a record known as an Oil Record Book ("ORB") in which the

disposal, transfer, and discharge overboard of sludge, oil residue, oily mixtures, and machinery

space bilge water must be recorded. 33 C.F.R. § 151.25(d). All discharges of water from slop tanks,

disposal of oil residue, and any failure of the oil discharge monitoring and control system along

with the reasons for the failure must be recorded. 33 C.F.R. § 151.25(a) and (c); MARPOL Annex

I Regulation 36. The ORB also must include any emergency, accidental, or other exceptional

discharges of oil or oily mixtures, including a statement of the circumstances, and reasons for, the

discharge. 33 C.F.R. § 151.25(g). The ORB must be maintained aboard the vessel for not less than

three years and be readily available for inspection at all reasonable times. MARPOL Annex I, regulation 17(6); 33 C.F.R. § 151.25(i).

6.    Commercial vessels such as the *PS Dream* are required to have a valid International Oil Pollution Prevention ("IOPP") Certificate issued by a Recognized Organization (also referred to as a "Classification Society") prepared by an authorized marine surveyor. Among other purposes, the IOPP Certificate includes information regarding the tanks used aboard a vessel, their capacities, the type of pollution prevention equipment that may be utilized, and the methods of permissible disposal of oil-contaminated waste. The IOPP Certificate for the *PS Dream* did not authorize the transfer of machinery space waste from the engine room to the cargo tanks in the deck department.

7.    The U.S. Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations and to determine compliance with MARPOL, APPS, and related regulations. In conducting inspections, U.S. Coast Guard personnel rely on the statements of the vessel's crew and documents, including statements and information contained in ORBs. The U.S. Coast Guard is specifically authorized to examine vessels, including the ORB, to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate operating procedures; whether it poses any danger to the United States' ports and waters; and whether the vessel has discharged any oil or oily mixture in violation of MARPOL, APPS, or any applicable federal regulations. 33 U.S.C. § 1907(d); 33 C.F.R. § 151.23(a)(3).

**B.**   **THE OFFENSE CONDUCT:**

From on or about January 11, 2023, and continuing thereafter until on or about January 26,

2023, within the navigable waters of the United States and the Eastern District of Louisiana, and

elsewhere, the defendants, **PRIVE OVERSEAS MARINE** and **PRIVE SHIPPING**, acting by

and through their agents and employees who were acting within the scope of their agency and

employment and for the intended benefit of the defendants, did knowingly and willfully combine,

conspire, confederate, and agree to violate the laws of the United States :

   1.   To knowingly fail and cause the failure to maintain accurate Oil Record
        Books for the *PS Dream*, in which the discharge and disposal of oil-
        contaminated waste was fully and accurately recorded, in violation of
        Title 33, United States Code, Section 1908(a) and Title 33, Code of
        Federal Regulations, Sections 151.25(a) and 151.25(h);

   2.   To corruptly influence, obstruct, and impede, and endeavor to influence,
        obstruct, and impede, the due and proper administration of the law under
        a pending proceeding by the U.S. Coast Guard, namely, a port state
        control inspection of the *PS Dream*, in violation of Title 18 United
        States Code, Section 1505; and

   3.   To knowingly alter, conceal, cover up, falsify, and make a false entry in
        ship records with the intent to impede, obstruct, and influence the
        investigation and proper administration of a matter within the
        jurisdiction of the U.S. Coast Guard and Department of Homeland
        Security and in relation to and in contemplation of a matter, namely, the
        U.S. Coast Guard's inspection of the *PS Dream*, in violation of Title 18,
        United States Code, Section 1519.

**C.**   **MANNER AND MEANS:**

Among the manner and means used by the defendants and their co-conspirators to

effectuate this conspiracy and to further its objectives were the following:

   1.   Defendants and other members of the conspiracy discharged and caused the

discharge and disposal overboard of oil-contaminated waste from the *PS Dream* without the use

of required pollution prevention and monitoring equipment and procedures.

2.      Defendants and other members of the conspiracy directed subordinate crewmembers of the *PS Dream* to engage in acts of pollution prohibited by MARPOL, including using a portable pump and hose to pump out oil-contaminated waste from the Residual Oil Tank into ocean waters.

3.      Defendants and other members of the conspiracy maintained false and misleading Oil Record Books and the cargo record book for the *PS Dream* that concealed overboard discharges of oil-contaminated waste into the sea.

4.      Defendants and other members of the conspiracy made and caused to be made material false statements and presented false and misleading documents to the U.S. Coast Guard during a port state control examination of the *PS Dream* as part of an effort to influence, obstruct, and impede the agency's inspection.

**D.      OVERT ACTS:**

In furtherance of the conspiracy and to effect the objects thereof, there was committed and caused to be committed by the Defendants, acting by and through their agents and employees who were acting within the scope of their agency and employment and for the intended benefit of the Defendants, and other persons known and unknown, within the Eastern District of Louisiana and elsewhere, the following overt acts among others:

Overt Act 1: On or about January 11, 2023, the Master of the *PS Dream* prepared a Daily Work Report (subsequently sent on January 17, 2023, to the Designated Person in Charge and Technical Superintendent at Prive Shipping) stating that the manhole of the Residual Oil Tank had been opened, that it contained approximately 20 percent residue, and that it will be "discharged and cleaned." The report included a photograph looking down into the manhole at

the top of the tank and showing a portable pump inside the tank and a flexible hose exiting the manhole.

Overt Acts 2-4: On or about January 11, 12, and 13, 2023, each of which constitutes a separate overt act of this Information, Defendants discharged and caused the discharge of oil-contaminated waste from the *PS Dream* into the Atlantic Ocean on the vessel's voyage to New Orleans with the use of a portable pump and flexible hose, without the use of any pollution prevention equipment or monitoring, and without making any entries in any ship log, including the Oil Record Books.

Overt Act 5: On or about January 17, 2023, the Master of the *PS Dream* wrote a Daily Work Report (subsequently sent on or about January 23, 2023, to the Designated Person in Charge and Technical Superintendent at Prive Shipping), stating that the Residue Oil Tank had been "roughly cleaned and discharged to sea."

Overt Act 6: On or about January 17, 2023, the Master of the *PS Dream* and Designated Person Ashore discussed the fact that the photograph sent in the Daily Work Report appeared to show oil inside the Residual Oil Tank.

Overt Act 7: On or about January 17, 2023, the Master of the *PS Dream* directed a subordinate officer to use the ship's fire hose in an effort to wash out visible oil residue adhering to the Residual Tank prior to the ship's arrival in New Orleans.

Overt Acts 8-10: On or about January 20, 21, and 22, 2023, each of which constitutes a separate overt act of this Information, defendants discharged and caused the discharge of oil-contaminated waste from the *PS Dream* into the Atlantic Ocean on the vessel's voyage to New Orleans with the use of a portable pump and flexible hose and without the use of any pollution

prevention equipment or monitoring, and without making any entries in any ship log, including the Oil Record Books.

Overt Act 11:  On or about January 26, 2023, defendants caused the *PS Dream* to enter the navigable waters of the United States while failing to maintain accurate Oil Record Books.

Overt Act 12:  On or about January 26, 2023, defendants presented and caused the presentation of the Oil Record Books and cargo record book for the *PS Dream* to the U.S. Coast Guard during an inspection to determine the ship's compliance with United States and International Law.

Overt Act 13:  On or about January 26, 2023, defendants, by and through senior ship officers, made false and misleading statements to U.S. Coast Guard inspectors, namely that the Residual Oil Tank did not contain oil, had not been pumped overboard, and that a portable pump and flexible hose had not been used, all of which were intended to conceal the fact that discharges of oil had been made in violation of MARPOL Annex I and that the Oil Record Books had not been fully and accurately maintained.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**(Act to Prevent Pollution from Ships)**

**A.    AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in paragraphs 1 through 7 of Section A of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

**B.    THE OFFENSE CONDUCT:**

On or about January 11, 2023, and continuing through or about January 26, 2023, in the navigable waters of the United States and the Eastern District of Louisiana, and elsewhere, the defendants, **PRIVE OVERSEAS MARINE** and **PRIVE SHIPPING**, acting by and through their

agents and employees who were acting within the scope of their agency and employment and for the intended benefit of the defendants, did knowingly fail and cause the failure to maintain an accurate Oil Record Book for the *PS Dream*, in which the discharge and disposal of oil-contaminated waste was fully and accurately recorded, as required. Specifically, the defendants entered U.S. ports and waters with an Oil Record Book Part I and Oil Record Book Part II that falsely recorded and failed to record intentional overboard discharges of oil-contaminated waste, including sludge from the engine room, that occurred between on or about January 11, 2023, and on or about January 21, 2023, from the Residual Oil Tank using a portable pump and flexible hose, and without the use of the Oil Discharge Monitoring Equipment or Oily Water Separator and Oil Content Monitor.

All in violation of Title 33, United States Code, Section 1908(a), Title 18, United States Code, Section 2, and Title 33, Code of Federal Regulations, Section 151.25.

**COUNT 3**
**(Obstruction of Justice)**

A.     **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in paragraphs 1 through 7 of Section A of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

B.     **THE OFFENSE CONDUCT:**

On or about January 26, 2023, within the navigable waters of the United States and the Eastern District of Louisiana, and elsewhere, the defendants, **PRIVE SHIPPING** and **PRIVE OVERSEAS MARINE**, acting by and through their agents and employees who were acting within the scope of their agency and employment and for the intended benefit of the defendants, did corruptly influence, obstruct, and impede, and endeavored to influence, obstruct, and impede, the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard,

an agency within the Department of Homeland Security. Specifically, on or about January 26, 2023, during a U.S. Coast Guard inspection of the *PS Dream* to determine the vessel's compliance with MARPOL and U.S. law, the defendants:

1. Presented and caused the presentation of false and fictitious Oil Record Books that failed to record the overboard discharge of oil-contaminated waste from the Residual Oil Tank; and

2. Made and caused the making of materially false and misleading statements by senior ship officers and crew to U.S. Coast Guard inspectors, namely that the Residual Oil Tank did not contain oil, had not been pumped overboard, and that a portable pump and flexible hose had not been used, all of which were intended to conceal the fact that discharges of oil had been made in violation of MARPOL Annex I and that the Oil Record Books had not been fully and accurately maintained.

All in violation of Title 18, United States Code, Sections 1505 and 2.

## COUNT 4
### (Obstruction of Justice)

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in paragraphs 1 through 7 of Section A of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

B. **THE OFFENSE CONDUCT:**

Between on or about January 11, 2023, through and including January 26, 2023, within the navigable waters of the United States and the Eastern District of Louisiana, and elsewhere, the defendants, **PRIVE OVERSEAS MARINE** and **PRIVE SHIPPING**, acting by and through their agents and employees who were acting within the scope of their agency and employment and for the intended benefit of the defendants, did knowingly alter, falsify, and make false entries into a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the U.S. Coast Guard, an agency within

the Department of Homeland Security. Specifically, on or about January 26, 2023, defendants

made and used Oil Record Books and a cargo record book for the *PS Dream* that contained false

entries and omissions with an intent to conceal that sludge had been improperly transferred from

the engine room to the Residual Oil Tank and that oil-contaminated waste had been discharged

overboard from the Residual Oil Tank.

    All in violation of Title 18, United States Code, Sections 1519 and 2.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

Richard A Udell
Senior Litigation Counsel
Ryan Connors
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov
Email: ryan.connors@usdoj.gov

DUANE A. EVANS
United States Attorney

G. Dall Kammer (26948)
Christine M. Calogero (36818)
Assistant U.S Attorneys
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov
Email: chrissy.calogero@usdoj.gov

New Orleans, Louisiana
April 1, 2024

No. _____

# United States District Court

## FOR THE

EASTERN _____ DISTRICT OF _____ LOUISIANA

UNITED STATES OF AMERICA

vs.

PRIVE OVERSEAS MARINE, LLC
and
PRIVE SHIPPING DENIZCILIK TICARET, A.S.

BILL OF INFORMATION
FOR VIOLATING THE ACT TO PREVENT
POLLUTION FROM SHIPS, OBSTRUCTION OF
JUSTICE, AND CONSPIRACY

Violation(s):   33 U.S.C. § 1908(a)
18 U.S.C. § 1505
18 U.S.C. § 1519
18 U.S.C. § 371
18 U.S.C. § 2

Filed _____ , 20 24

By _____ , Clerk.

_____ , Deputy

_____
Assistant United States Attorney
**G. Dall Kammer**