

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

G. Dall Kammer
Chief, General Crimes

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone: 504-680-3168

May 21, 2024

Honorable Nannette Jolivette Brown
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

   Re:  *United States v. Prive Overseas Marine and Prive Shipping.*
       Criminal Docket No. 24-74

Dear Judge Brown:

   In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice ("Government") wish to acknowledge the following Agreement between the Government and Prive Overseas Marine ("Prive Overseas") and Prive Shipping Denizcilik Ticaret A.S. ("Prive Shipping") (collectively "Defendants") in the above-captioned criminal proceeding.

   Defendants' undersigned counsel, have reviewed the terms of this Agreement, have been advised by authorized corporate officers for each defendant and their parent corporation, Prive Holding, that they fully understand the terms of this Agreement, and that the undersigned corporate representatives have been duly authorized to enter into this Agreement.

   <u>Criminal Charges</u>: Defendants, having been advised through their counsel of the charges, agree to enter pleas of guilty to Counts 1 – 4 of the Bill of Information filed in the Eastern District of Louisiana as set forth below:

Page 1 of 11

AUSA
Prive Overseas Marine
Prive Shipping
Prive Holding
Defense Counsel

Count 1:  Conspiracy, in violation of 18 U.S.C. § 371.

Count 2:  Knowing failure to maintain an accurate Oil Record Book in U.S. waters, in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a).

Count 3:  Obstruction of Justice, in violation of 18 U.S.C. § 1505.

Count 4:  Obstruction of Justice, in violation of 18 U.S.C. § 1519.

Defendants' Admission of Guilt: Defendants are pleading guilty because each is guilty and wishes to acknowledge its acceptance of responsibility for the criminal conduct described in the Bill of Information and Joint Factual Statement that appears as **Attachment A** to this Agreement.

Maximum Fines and Penalties: Defendants further understand and agree that as an organizational defendant the maximum penalty for each count is $500,000, or, if greater, a fine of the greater of twice the gross gain to the defendant or twice the gross loss to any person under18 U.S.C. § 3571(c) and (d); a term of probation of five years, pursuant to 18 U.S.C. § 3561(c)(1); and a special assessment $1,600 ($400 per count and per defendant), pursuant to 18 U.S.C. § 3013(a)(2)(B). The special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the Plea Agreement being voided.

Defendants further understand that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of 18 U.S.C. § 3663. The parties are unaware of any applicable restitution in this case.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government, Prive Overseas and Prive Shipping agree and stipulate to the following plea and sentence applicable to this case:

(1) Counts: Defendants Prive Overseas and Prive Shipping each agree to plead guilty to Counts 1 – 4 as set forth above and detailed in the Criminal Information.

(2) Factual Basis: Defendants Prive Overseas and Prive Shipping each admit that they are guilty of Counts 1 – 4 of the Bill of Information, by and through the acts and omissions of their agents and employees, acting within the scope of their agency and employment, and with the intent, at least in part, to benefit Prive Overseas and Prive Shipping; and  that the Joint Factual Statement is a true and accurate statement of their criminal conduct and provides a sufficient factual basis for the pleas.

AUSA

Prive Overseas Marine

Prive Shipping

Prive Holding

Defense Counsel

(3) Scope: In exchange for the Defendants' guilty plea, and the promises set forth herein, the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section agree to forgo additional criminal prosecution against the Defendants, Prive Overseas and Prive Shipping, and two related entities, Prive Holding, and Petro Plus General Trading LLC, in the Eastern District of Louisiana for the offenses set forth in the Bill of Information or for any other related criminal offenses that are known to the Government at the time of the signing of this Agreement. Defendants understand and agree that neither this paragraph nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including, but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the defendants to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to Prive Overseas and Prive Shipping and has no effect on any proceedings against any defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

(4) Payments: Defendants Prive Overseas and Prive Shipping shall pay a total penalty of $2,000,000. Defendants understand and agree that under the terms of this Agreement they have joint and several liability for all payments required by this agreement. The amount of $1.5 million will be paid as a criminal fine within twenty days of sentencing from the surety bond posted by the Defendants pursuant to the Security Agreement. The fine shall be apportioned as follows: $500,000 to Count 1, and $1,000,000 to Count 2.

(5) Community Service: Defendants Prive Overseas and Prive Shipping shall pay $500,000 to the National Fish & Wildlife Foundation ("NFWF") as organizational community service pursuant to § 8B1.3 of the U.S.S.G. and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Defendants shall assume no responsibilities or obligations other than making the payments as described and shall have no rights whatsoever with respect to the disposition of the community service payment funds once paid. Because the community service payments are designated as a criminal payment by an organization, Defendants agree that neither it nor any related entity will seek any reduction in its tax obligations as a result of these community service payments. In

Page 3 of 11

AUSA
Prive Overseas Marine
Prive Shipping
Prive Holding
Defense Counsel

addition, since these payments constitute community service as part of Defendants' guilty plea, neither Defendants nor any related entity or agent will characterize, publicize or refer to the community service payment as voluntary donations or charitable contributions.

a. NFWF is a nonprofit organization established by the United States Congress pursuant to 16 U.S.C. §§ 3701-3710. Its purposes include the acceptance and administration of "property . . . to further the conservation and management of fish, wildlife, plants, and other natural resources," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1), (2). NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, administration, and use of "any gift, devise or bequest . . . of real or personal property." 16 U.S.C. § 3703(c)(1), (11).

NFWF's Congressional charter mandates that it be governed by a Board of Directors that includes the Director of the United States Fish and Wildlife Service, the Under Secretary of Commerce for Oceans and Atmosphere, and various individuals educated or experienced in fish, wildlife, ocean, coastal, or other natural resource conservation. 16 U.S.C. § 3702(b)(1), (2). NFWF is also required by its charter to submit to Congress annually a report of its proceedings and activities during such year, including a full and complete statement of its receipts, expenditures, and investments. 16 U.S.C. § 3706(a), (b). Defendants shall make the $500,000 payment within seven days after the date of entry of Judgment from the surety bond posted by the Defendants pursuant to the Security Agreement. Payment shall be made in the form of a certified check payable to the National Fish and Wildlife Foundation and mailed to the attention of its Chief Financial Officer at 1133 15th Street, NW, Suite 1100, Washington, DC 20005, or by electronic funds transfer in accordance with written instructions to be provided to the Defendants by NFWF at the time of transfer. In either case, Defendants' payment shall include a reference to the case caption and number in this proceeding. NFWF shall obligate the funds paid to it to appropriate projects and initiatives pursuant to this Plea Agreement within five years of the date of entry of Judgment in this case. NFWF shall further report to the United States Probation Office for the Eastern District of Louisiana and to the United States Department of Justice, on at least an annual basis, regarding the status and disposition of the funds it has received pursuant to this Section, until all such funds have been expended.

Page 4 of 11

AUSA

Prive Overseas Marine

Prive Shipping

Prive Holding

Defense Counsel

    b. Pursuant to this Agreement, NFWF shall use the $500,000 community service payment to fund projects and initiatives benefitting the marine environment and marine and coastal natural resources and habitat within the Eastern District of Louisiana. The projects and initiatives considered for funding by NFWF shall be focused on environmental restoration, establishment, enhancement and/or preservation of fish, wildlife, and ecosystems, and amelioration and remediation of pollution, and other threats to the marine and coastal environment and ecosystems.

(6) Special Assessment: As set forth above, defendants Prive Overseas and Prive Shipping must each pay a special assessment fee of $1,600 ($400 per count and per defendant) which is due in full on the day of sentencing.

(7) Probation: Defendants Prive Overseas and Prive Shipping shall be placed on organizational probation, starting from the date of sentencing and lasting a term of four years. In addition to whatever standard probation conditions might be imposed by the Court, defendants Prive Overseas and Prive Shipping shall be subject to the following Special Conditions of Probation:

    a. Defendants shall commit no further violations of MARPOL 73/78 or the environmental law of the United States.

    b. Payment in full of the monetary amounts set forth herein including all special assessments and fines.

    c. At its own expense, and at no expense to the Government or the Court, Defendants and Prive Holding, the parent corporation of both defendants, agree to fully fund and implement the Environmental Compliance Plan ("ECP") subject to review and approval by the United States and consistent with USSG §8D1.4, and attached hereto as **Attachment B** and incorporated herein. As set forth in **Attachment B**, vessels covered by the ECP and all shore side offices involved in technical management must be audited by an outside and independent auditor subject to approval by the United States (Third Party Auditor ("TPA")). An independent Court Appointed Monitor ("CAM") subject to approval of the United States will be appointed to review audit results, assure overall compliance and report to the Court. All audits must be done underway in accordance with the ECP and each vessel must be audited at least two times during the period of probation unless the TPA or the CAM recommends additional audits. Defendants and Prive Holding understand and agree that the

AUSA _____
Prive Overseas Marine _____
Prive Shipping _____
Prive Holding _____
Defense Counsel _____

ECP will be included in the Special Conditions of Probation and that any violation of its terms by Defendant or Defendant's parent, or any of its related entities or vessels covered by the ECP, may be grounds for the revocation of probation as to the Defendants. Covered vessels will include all ships holding a Certificate of Financial Responsibility under the Oil Pollution Act of 1990.

d. Defendants will not engage, participate, or assist in, or fund, any post-trial litigation or ancillary litigation brought by any person against the United States or any agency or person thereof.

Application of the Agreement: This Agreement shall bind the Defendants and their successors and assigns and parent and related corporations. Defendants shall further provide each undersigned prosecuting office and the United States Probation Office in the Eastern District of Louisiana with immediate notice of any name change, sale, purchase, or reorganization of a corporate entity or vessels subject to the ECP, signing or termination of ship management contracts, or similar significant action affecting this Agreement or the ECP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale, or purchase of vessels, signing or termination of ship management contracts, or similar action shall alter the responsibilities of the defendants under this Agreement. Defendants understand and agree that they shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement, including the special conditions of probation and the ECP.

Rule 11(c)(1)(C) Plea: The parties have entered into this Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) with the understanding that the Court can either accept or reject the Agreement but may not modify its terms. If the District Court rejects the Plea Agreement, then each Defendant will have the right to withdraw their guilty plea. Defendants understand and agree that plea and sentencing will occur at different proceedings and that they will not seek to combine plea and sentencing on the same date.

Appellate and Other Waivers of the Defendants: Defendants understand that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal a conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendants also understands that ordinarily they may have the right to file collateral challenges to conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Acknowledging these rights, subject only to the exceptions specifically indicated below, each Defendant, in exchange for the promises and Agreements made by the United States in this Plea Agreement, knowingly and voluntarily:

AUSA

Prive Overseas Marine

Prive Shipping

Prive Holding

Defense Counsel

(1)   Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291.

(2)   Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of corum nobis, audita querela, and any other collateral challenges to its sentence of any kind.

(3)   Waives any right to seek or pursue attorneys' fees or other litigation expenses, or damages under the Hyde Amendment, 18 U.S.C. § 3006A, and each acknowledges that the Government's positions and prosecution of this matter were not vexatious, frivolous, or in bad faith. Defendants further agree that Prive Overseas and Prive Shipping, or any affiliated entity or any agents acting on their behalf now or in the future, waive any and all claims against the United States Coast Guard, U.S. Department of Homeland Security, U.S. Department of Justice, or agent, employee, or contractor of any governmental entity, which relate to any aspect of the inspection, examination, and detention of the *P.S. Dream* or the criminal investigation of this matter, including any related surety or Agreement on Security. Defendants each further agree that they will not pursue or in any way support, directly or indirectly, any legal action or lawsuits, including those brought by third parties, against the United States or any agency, or any personnel, related to the inspection, investigation,or prosecution of Defendants in this matter or involving the *P.S. Dream*. Defendants further agree to take no position on whether or to what extent the Court should issue an award pursuant to the Act to Prevent Pollution from Ships and that neither they nor their attorneys will take any position on any application for an award if one is made, unless requested to do so by the United States.

(4)   Waives any and all defenses and claims with regard to the statute of limitations, laches, or any other arguments that any aspect of the charges is time-barred. In the event that this Agreement is not accepted by the Court for any reason, or the Defendants breach any of the terms of this Agreement, the statute of limitations shall be deemed to be tolled from the date of the Plea Agreement to: (1) 120 days

Page 7 of 11

AUSA

Prive Overseas Marine
Prive Shipping
Prive Holding
Defense Counsel

following the date of non-acceptance of the Plea Agreement by the Court; or (2) 120 days following the date on which a breach of the Plea Agreement by the either Defendant is discovered by the government.

(5) Defendants agree that the criminal fine and special assessment are not dischargeable in bankruptcy or an insolvency proceeding and that the defendant will not seek or cause to be sought a discharge or finding or dischargeability as to the criminal fine or special assessment.

(6) Defendants recognize that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of their conviction will be immediately submitted to the Treasury Offset Program. Defendants waive any objection to their inclusion in the Treasury Offset Program.

(7) Defendants each knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this Plea Agreement and the factual basis. Defendants understand and agree that in the event they violate the Plea Agreement or withdraw their decision to plead guilty, then any statements made by Defendants, including any statements made in court proceedings or in the joint factual statement, leads from such statements, factual bases or summaries, shall be admissible for all purposes against Defendants in any and all criminal proceedings. The only exception to this paragraph is where the Defendants fully comply with this agreement, but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the Defendants for any purpose.

Corporate Authorization. Defendant Prive Overseas and Prive Shipping each represent that it is authorized to enter into this Plea Agreement and to bind itself to the terms and funding of the ECP. At the time of signing this Agreement, each defendant and Prive Holding shall provide to the United States a written statement in the form of a duly authorized corporate resolution certifying that Defendants are authorized to enter into and comply with all of the provisions of this Plea Agreement and that Prive Holding is authorized to guarantee all payments, including those necessary to comply with the terms of probation and the ECP. The resolutions further shall certify that each entity's Officers or Board of Directors have authorized these actions, and that all corporate formalities for such authorizations have been observed.

Page 8 of 11

AUSA _____

Prive Overseas Marine _____

Prive Shipping _____

Prive Holding _____

Defense Counsel _____

Completeness: Defendants understand that the statements set forth above and in the attached joint factual statement and ECP represent each Defendant's Agreement with the Government; that there are not any other Agreements, letters, or notations that will affect this Agreement. This Agreement will be final when signed by all parties and filed in Court. The terms set forth herein remain subject to review and approval by both prosecuting offices.

Very truly yours,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

Richard A Udell
Senior Litigation Counsel
Ryan Connors
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov
Email: ryan.connors@usdoj.gov

DUANE A. EVANS
United States Attorney

G. Dall Kammer (26948)
Christine M. Calogero (36818)
Assistant U.S Attorneys
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov
Email: Chrissy.Calogero@usdoj.gov

Page 9 of 11

AUSA
Prive Overseas Marine
Prive Shipping
Prive Holding
Defense Counsel

FOR THE DEFENDANTS,

On behalf of the Defendant Prive Overseas Marine, I have been authorized by a corporate resolution to sign and bind Prive Overseas Marine to this Plea Agreement. Prive Overseas Marine has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Prive Overseas Marine voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Prive Overseas Marine other than those contained in this Agreement. No one has threatened or forced Prive Overseas Marine in any way to enter into this Agreement. Prive Overseas Marine is satisfied by the representation of its attorneys in this matter.

Ercan Yilmaz Authorized representative / 16th May of 2024
Name/Title/Date

Signature

On behalf of the Defendant Prive Shipping Denizcilik Ticaret A.S., I have been authorized by a corporate resolution of Prive Shipping to sign and bind Prive Shipping to this Plea Agreement. Prive Shipping has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Prive Shipping voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Prive Shipping other than those contained in this Agreement. No one has threatened or forced Prive Shipping in any way to enter into this Agreement. Prive Shipping is satisfied by the representation of its attorneys in this matter.

Ercan Yilmaz Authorized representative / 16th May of 2024
Name/Title/Date

Signature

On behalf of the Prive Holding, the parent corporation of Defendants Prive Overseas Marine and Prive Shipping Denizcilik Ticaret A.S., I have been authorized by a corporate resolution to sign and bind Prive Holding company to its obligations under this Agreement, including the funding of the ECP. Prive Holding has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Prive Holding voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Prive Holding other than those contained in this Agreement. No one has threatened or forced Prive Holding in any way to enter into this Agreement. Prive Holding is satisfied by the representation of its attorneys in this matter.

Ercan Yilmaz Authorized representative / 16th May of 2024

Name/Title/Date

Signature

I am counsel for Prive Overseas Marine, Prive Shipping, and Prive Holding. I have discussed every part of this Agreement with the authorized representatives of Prive Overseas Marine, Prive Shipping, and Prive Holding. I have advised both defendant corporations and Prive Holding of their rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, the decisions of Prive Overseas, Prive Shipping and Prive Holding to enter into this Agreement are informed and voluntary.

5/16/24

Name/Date
Counsel for Prive Overseas Marine, Prive Shipping, an Prive Holding